# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

HECTOR RAIMUNDO RUIZ,

    Petitioner,

vs.                                                     CASE NO. 4:14cv236-RH/CAS

ERIC HOLDER, JR., et al,

    Respondents.
_____/

## REPORT AND RECOMMENDATION

    Petitioner initiated this case on May 12, 2014, by filing a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner subsequently paid the $5.00 filing fee on May 20, 2014, doc. 4, and the petition has now been reviewed.

    Petitioner is a native and citizen of Columbia who entered the United States on January 5, 1994. Doc. 1-2 at 6. Petitioner alleges that he was taken into ICE custody on August 7, 2013, and states that he has remained in custody since that date. *Id.* at 4. Petitioner advises that he was ordered removed on November 12, 2013, and is awaiting a decision on his appeal filed with the Board of Immigration Appeals. *Id.* at 4, 6. Petitioner is currently detained at the Wakulla County Detention Facility and seeks release from detention pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491,

150 L.Ed.2d 653 (2001). *Id.* at 3. He contends that it is unlikely that he will be removed in the reasonably foreseeable future, *Id.* at 8, and claims there is no repatriation agreement between the United States and the Republic of Columbia. *Id.* at 7.

One procedural issue with this petition is that the list of Respondents is not the same. Petitioner provides a list of nine Respondents on page one of the petition, doc. 1-2 at 1, but lists just eight Respondents within the petition, doc. 1-2 at 4-5. Petitioner did not name Radd Beers as a Respondent on page one and deletes the Clerk of Court and Department of Homeland Security within the petition. For Petitioner's future knowledge, the list of Respondents must be identical from the first page of a petition throughout all sections of the petition.

A more pressing substantive problem is that this petition has been prematurely filed. In <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." 533 U.S. at 699, 121 S.Ct. 2491. The Court further "held that the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.' " <u>Zadvydas</u>, 533 U.S. at 701, 121 S.Ct. 2491, *explained in* <u>Clark v. Martinez</u>, 543 U.S. 371, 377-378, 125 S.Ct. 716, 722 (2005). The six months period of time is calculated from the time a removal order becomes "final." <u>Clark</u>, 125 S.Ct. at 728; *see also* <u>Benitez v. Wallis</u>, 402 F.3d 1133, 1135 11th

Cir. 2005). Pursuant to § 1231(a)(1)(B), the removal period does not begin to run until the latest of:

> (1) The date the order of removal becomes administratively final.
>
> (2) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (3) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). As the Eleventh Circuit concluded in Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002), the "six-month period [ ] must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under Zadvydas." Because Akinwale filed the § 2241 petition after having been in detention for only four months, it was not timely. Akinwale, 287 F.3d at 1051. It is not enough that the period of time expired by the time the petition is ruled on the by the court. The Zadvydas period must have expired before the petition is filed. *Id.*, at 1051-52.

Petitioner argues throughout the petition that his removal order became final on November 12, 2013. Doc. 1-2 at 7, 8, 11, and 13. That is not correct. An order of removal becomes administratively final upon the date it is issued by the immigration judge if no appeal is taken; otherwise, it becomes administratively final when the Board of Immigration Appeals (BIA) dismisses an appeal. *See* Noel v. Creel, No. 4:13cv249-MW/CAS, 2013 WL 4046713, at *2 (N.D. Fla. Aug. 8, 2013) (dismissing petition as prematurely filed because petitioner's appeal to the BIA was still pending at the time of case initiation); Gittens v. Holder, No. 4:12cv173-CDL, 2013 WL 3965462, at *2 (M.D. Ga. Aug. 1, 2013)(noting that the BIA's dismissal of petitioner's appeal of the removal

order made it administratively final); <u>Isaacs v. Dep't of Homeland Sec.</u>, No. 7:12cv33-HL, 2012 WL 6026506, at *2  (M.D. Ga. Oct. 31, 2012)(stating that the BIA's dismissal of the petitioner's appeal made the Immigration Judge's decision to remove petition administratively final); <u>Poole v. Buford</u>, No. 08-00485-CG-B, 2009 WL 2208589, at *3 (S.D. Ala. July 23, 2009)(dismissing petition as prematurely filed).

This case is controlled by <u>Akinwale</u>.  Because Petitioner's appeal was still pending before the Board of Immigration Appeals, Petitioner has not yet received a "final" order of removal.  Petitioner has not yet been in detention for six months beyond the final order of removal.  Thus, as a matter of law, the petition must be dismissed under <u>Akinwale</u> as it has been prematurely filed.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus filed by **Hector Raimundo Ruiz** pursuant to 28 U.S.C. § 2241, doc. 1, be **DISMISSED without prejudice** because it was prematurely filed and Petitioner is not entitled to relief under <u>Zadvydas v. Davis</u>, 121 S.Ct. 2491 (2001).

**IN CHAMBERS** at Tallahassee, Florida, on June 19, 2014.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:14cv236-RH/CAS